SHEPHERD, J.
F.H., appeals from a delinquency order rendered September 8, 2010. The public defender filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967). F.H. was provided an opportunity to file a pro se statement of points but did not do so. *548 The Petition for Delinquency in this case consisted of three counts: Count I-Battery of a police officer, a third-degree felony; Count II-resisting an officer with violence, a third-degree felony; and Count Ill-resisting an officer without violence, a misdemeanor. A bench trial was held September 8, 2010, during which the State agreed to nolle pros Count III. F.H. moved for a judgment of dismissal on the remaining counts, which motion was denied. At the conclusion of the case, the trial court stated, “I am finding F.H. not delinquent on Count Two, and delinquent on Count One.”
During the October 14, 2010, disposition hearing, the following occurred:
JUDGE CYNAMON: I’m going to pronounce your disposition at this time,
[F.H.]. And I’m going to place you on probation for a period of one year.
[[Image here]]
I am waiving the cost of care based on your affidavit, which means you will not be paying for probation supervision.
THE MOTHER: Could it be probations made, Your Honor, which could be a with [hold] — with adjudication with the—
JUDGE CYNAMON: I did withhold adjudication.
THE MOTHER: You did?
JUDGE CYNAMON: I did.
(emphasis added).
The September 8, 2010, adjudicatory order does not, however, reflect that adjudication was withheld. We therefore remand to the trial court with instructions that it enter a corrected written adjudicatory order to reflect that adjudication was withheld as to Count I. See N.G. v. State, 50 So.3d 801 (Fla. 3d DCA 2011) (remanding to the trial court for correction of the written adjudicatory order to conform to the oral pronouncement); accord, Parajon v. State, 50 So.3d 105 (Fla. 3d DCA 2010). In all other respects, the order is affirmed.
Affirmed and case remanded with directions.